UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, as attorney in fact for GE BUSINESS FINANCIAL SERVICES INC., <br><br> Plaintiff, <br><br> v. <br><br> WIJAYA BARU AVIATION SDN. BHD., WIJAYA BARU HOLDINGS SDN. BHD., KUALA DIMENSI SDN. BHD., DATO SERI TIONG KING SING, WIJAYA INTERNATIONAL MEDICAL CENTER SDN. BHD., WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, solely as OWNER TRUSTEE, and AIRFLYTE, INC. <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

# **EXHIBIT A**

DUPLICATE

## PROMISSORY NOTE

$8,725,000.00

Chicago, Illinois
April 12, 2006

FOR VALUE RECEIVED, WIJAYA BARU AVIATION SDN. BHD. (Company No.: 362080-U) (the "Borrower") hereby promises to pay to the order of MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., MERRILL LYNCH CAPITAL DIVISION ("Lender") in lawful money of the United States of America and in immediately available funds the principal amount of Eight Million Seven Hundred Twenty-five Thousand United States Dollars ($8,725,000.00), or so much thereof as may then be advanced and outstanding hereunder (the total of all such advances outstanding at the time of determination being hereinafter referred to as the "Principal Sum"), together with interest on the Principal Sum outstanding from time to time at the Interest Rate. Interest shall be calculated on the basis of the actual number of days elapsed in the related interest accrual period over a three hundred-sixty (360) day year.

As used herein, "Interest Rate" shall mean (i) nine and six hundred twenty-five ten thousandths percent (9.0625%) per annum, or (ii) the Default Rate, if applicable.

This Note is issued pursuant to and secured by a Loan and Aircraft Security Agreement dated as of April 12, 2006 (the "Agreement"), between the Borrower, Lender and WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, a national banking association organized and existing under the laws of the United States of America, not in its individual capacity but solely as "Owner Trustee" (under a "Trust Agreement", known and denominated as the Wijaya Baru Aircraft Trust and dated as of April 12, 2006, by and between Borrower and Wells Fargo Bank Northwest, National Association), relating to the financing of one (1) Learjet Inc. model 60 aircraft, assigned S/N 298 and U.S. registration number N729LJ, together with two (2) Pratt & Whitney Canada model PW305A engines, S/N PCE-CA0455 and S/N PCE-CA0454. Capitalized terms used herein without definition shall have the meaning given them in the Agreement.

The Principal Sum, together with interest thereon from the date of this Note, shall be payable as follows:

(a) Eighty-four (84) consecutive monthly installments of principal and interest, each such installment in the amount of Ninety-one Thousand Three Hundred Fifty and 95/100 United States Dollars ($91,350.95), payable in arrears, on the first day of each calendar month during the term hereof commencing on June 1, 2006.

(b) A final payment of principal in the amount of Five Million Nine Hundred Thirty-three Thousand United States Dollars ($5,933,000.00) due on the same day as the last installment, together with interest on the outstanding Principal Sum at the Interest Rate and all other amounts, fees and charges due and payable hereunder or under the Agreement. The final payment referenced in this section (b) shall be due and payable on May 1, 2013 (the "Stated Maturity Date").

Time is of the essence as to all installments, payments or any other obligations. In the event any installment or payment due under this Note or any other obligation required under the Loan Documents is not paid within ten (10) Business Days of the due date, Lender may collect, and Borrower agrees to pay, an amount equal to five (5.0%) percent of the payment amount due Lender ("hereinafter this amount shall be referred to as the "Late Charge"). In addition to, and not in lieu of, the Late Charge, if any installment, payment, obligation, or any other amount due under this Note or any Loan Document is thirty (30) or more days past the due date, Lender may collect on such amounts, and Borrower agrees to pay (with or without notice or the declaration of an Event of Default) interest on such delinquent amounts at the Default Rate. The application of the Default Rate to any installment, payment, obligation or amount owing under the Note or Loan Documents shall not negate or limit Lender's ability to charge and collect a Late Charge on subsequent installments, payments or obligations as they become five (5) days past due; provided, however, in all cases the collection of the Late Charge and/or Default Rate interest shall be subject to the controlling Usury Saving Provisions (as hereafter defined).

This Note may not be prepaid prior to Lender's receipt of twenty-four (24) monthly installments due under the Note. Thereafter, this Note may be prepaid by Borrower in whole on an installment due date, after giving sixty (60) days' prior written notice to Lender of its intention to make such prepayment, by paying, in addition to such prepayment, all

interest accrued to the date of such payment accompanied by the prepayment premium as set forth below ("Prepayment Premium"). The Prepayment Premium shall be calculated as the following specified percentage of the Principal Sum:

| Prepayment on installment number | Percentage |
| --- | --- |
| 25-36 | 2.5% |
| 37-48 | 2.0% |
| 49-60 | 1.5% |
| 61-72 | 1.0% |
| 73-84 | 0.5% |

Borrower may elect an additional prepayment option to prepay the Note in full, at the unamortized balance, plus any fees including the Prepayment Premium (subject to the above notice period) after Lender's receipt of twenty-four (24) monthly installments due under the loan and if within one hundred and twenty (120) days Borrower provides a replacement aircraft and Lender provides the financing for such new aircraft, the Prepayment Premium will be refunded to Borrower. Borrower agrees that Lender is under no obligation to provide or close any replacement financing, and that any new financing will be based on appraised values, rate, terms and conditions and credit criteria then currently acceptable to Lender, additionally, documentation and administrative fees may be charged in association with the replacement aircraft financing. If the new loan does not close for any reason, the Prepayment Premium shall not be refunded to Borrower

Payments of principal and interest shall be made by Automated Clearing House debit of immediately available funds from the account designated by Borrower in the Automated Clearing House debit authorization executed by Borrower in connection with the Agreement, or by wire transfer of immediately available funds to LaSalle Bank, 135 S. LaSalle St., Chicago, IL 60603, ABA 071000505, SWIFT CODE: LASLUS44, Account name: MLBFS Equipment Finance, Account #5800393166, Attention: Wijaya Baru Aviation or such other address or account as the holder hereof shall have designated to the Borrower in writing; and shall be effective upon receipt. All payments under this Note will be made free and clear of any deduction or withholding for any present or future Impositions payable under applicable law, and Borrower agrees to indemnify Lender against any and all Impositions and shall gross-up and include any amount necessary to hold Lender harmless on a net after-tax basis from all Impositions required to be paid, withheld or deducted with respect to any such payment to be made to Lender hereunder, such that the net payment received by Lender after such Imposition payment, withholding or deduction on the grossed-up amount equals the amount called for under this Note.

In the event of the declaration by Lender of an Event of Default under the Agreement, then this Note shall be in default and the balance of the Principal Sum then due hereunder, together with all accrued interest thereon, immediately shall become due and payable without further notice, such further notice being expressly waived, and the Borrower shall be liable to the holder hereof for reasonable attorney's fees and costs of suit. At any time after an Event of Default, at Lender's option, with or without notice to Borrower, Lender may charge the Default Rate, as the applicable Interest Rate due under this Note and such Default Rate shall be deemed the Interest Rate due under this Note. Upon the maturity or any acceleration of this Note, the Interest Rate due by Borrower under this Note shall be the Default Rate. "Default Rate", as used herein, shall mean the interest rate applicable under subsection (i) of the definition of Interest Rate plus one (1) percent per month of the amount in arrears for the period such amount remains unpaid, but never to exceed the maximum interest rate permitted under applicable law as further set out and described in the Usury Savings Provisions.

The Borrower waives presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest and notice of protest of this Note, and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note.

The remedies of Lender as provided herein and in the Agreement shall be cumulative and concurrent and may be pursued singly, successively or together, at the sole discretion of Lender, and may be exercised as often as occasion therefor shall occur; and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release thereof.

It is the intention of the parties hereto to comply with the applicable usury laws. Accordingly, it is agreed that, notwithstanding any provisions to the contrary in this Note or the Agreement, in no event shall this Note or the Agreement require the payment or permit the collection of interest in excess of the maximum amount permitted by applicable law. If any such excess interest is contracted for, charged or received under this Note or the Agreement, or in the event that all of the principal balance shall be prepaid, so that under any of such circumstances the amount of interest contracted for, charged or received under this Note or the Agreement on the principal balance shall exceed the maximum amount of interest permitted by applicable law, then in such event: (a) the provisions of this paragraph shall govern and control, (b) neither the Borrower nor any other person or entity now or hereafter liable for the payment hereof shall be obligated to pay the amount of such interest to the extent that it is in excess of the maximum amount of interest permitted by applicable law, (c) any such excess which may have been collected shall either be applied as a credit against the then unpaid principal balance or refunded to the Borrower, at the option of Lender, and (d) the effective rate of interest shall be automatically reduced to the maximum lawful contract rate allowed under the applicable law as now or hereafter construed by the courts having jurisdiction thereof. It is further agreed that, without limitation of the foregoing, all calculations of the rate of interest contracted for, charged or received under this Note or the Agreement which are made for the purpose of determining whether such rate exceeds the maximum lawful contract rate, shall be made, to the extent permitted by applicable law, by amortizing, prorating, allocating and spreading in equal parts during the period of the full stated term of the indebtedness evidenced hereby, all interest at any time contracted for, charged or received from the Borrower or otherwise by Lender in connection with such Obligations; provided, however, that if any applicable law is amended so that it becomes lawful for Lender to receive a greater interest per annum rate than is presently allowed by law, the Borrower agrees that, on the effective date of such amendment or preemption, as the case may be, the lawful maximum hereunder shall be increased to the maximum interest rate per annum allowed by the amended (but not in excess of the Interest Rate provided for herein)(collectively, this paragraph may sometimes be referred to as the "Usury Savings Provisions.)

THE BORROWER HEREBY WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH THE BORROWER AND LENDER MAY BE PARTIES ARISING OUT OF OR IN ANY WAY PERTAINING TO THIS NOTE. BORROWER AUTHORIZES LENDER TO FILE THIS PROVISION WITH THE CLERK OR JUDGE OF ANY COURT HEARING SUCH CLAIM. THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY THE BORROWER AND THE BORROWER HEREBY ACKNOWLEDGES THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. THE BORROWER FURTHER ACKNOWLEDGES THAT IT HAS BEEN REPRESENTED IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER BY LEGAL COUNSEL, SELECTED OF ITS OWN FREE WILL, AND THAT IT HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.

THE BORROWER AGREES THAT THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL IN ALL RESPECTS BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF ILLINOIS (WITHOUT REGARD TO THE CONFLICT OF LAWS PRINCIPLES OF SUCH STATE), INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE. Venue for any action hereunder or related hereto may be in any state or Federal court of competent jurisdiction in Cook County, Illinois, and the Borrower submits to the jurisdiction of such courts.

[Signature follows on next page]

IN WITNESS WHEREOF, the Borrower has caused this Promissory Note to be signed as of the _____ day of April, 2006.

The Common Seal of )
**WIJAYA BARU AVIATION SDN. BHD.** )
(Company No. 362080-U) )
Was hereunto affixed in accordance with )
its Articles of Association )
in the presence of: )

_____
Director
Name: TIONG KING SING
Passport No.: K 10660190

_____
Director
Name: OMAR BIN ABDUL LATIP
Passport No.: H 12898841

### ATTESTATION/AUTHENTICATION

I, KAREN PHANG KAR YEE, an Advocate and Solicitor of the High Court of Malaya practising at KUALA LUMPUR, hereby certify that on this 12 day of APRIL, 2006, the common seal of WIJAYA BARU AVIATION SDN. BHD. (362080-U) was duly affixed to the above written instrument in my presence in accordance with its Articles of Association.

Dated this 12 day of APRIL, 2006.

Witness my hand

_____
Advocate & Solicitor

[additional signature follows on the next page]

KAREN PHANG KAR YEE
ADVOCATE & SOLICITOR
KUALA LUMPUR

WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, a national banking association organized and existing under the laws of the United States of America, not in its individual capacity but solely as "Owner Trustee" (under a Trust Agreement dated as of April ___, 2006, with Wijaya Baru Aviation SDN. BHD., as the beneficiary and settlor of such trust)

By: _____
Name: Jon Croasmun
Title: Assistant Vice President

Loan Amorization
Exhibit A to Promissory Note Dated April 12, 2006

| date | funding | principal | balance |
|---|---|---|---|
| 4/12/2006 | $8,725,000.00 | | $8,725,000.00 |
| 6/1/2006 | | ($18,468.93) | $8,743,468.93 |
| 7/1/2006 | | $25,319.54 | $8,718,149.38 |
| 8/1/2006 | | $23,316.09 | $8,694,833.30 |
| 9/1/2006 | | $23,498.04 | $8,671,335.26 |
| 10/1/2006 | | $25,864.30 | $8,645,470.95 |
| 11/1/2006 | | $23,883.26 | $8,621,587.70 |
| 12/1/2006 | | $26,240.00 | $8,595,347.70 |
| 1/1/2007 | | $24,274.41 | $8,571,073.29 |
| 2/1/2007 | | $24,463.84 | $8,546,609.45 |
| 3/1/2007 | | $31,109.22 | $8,515,500.22 |
| 4/1/2007 | | $24,897.52 | $8,490,602.70 |
| 5/1/2007 | | $27,229.21 | $8,463,373.49 |
| 6/1/2007 | | $25,304.31 | $8,438,069.18 |
| 7/1/2007 | | $27,625.95 | $8,410,443.23 |
| 8/1/2007 | | $25,717.37 | $8,384,725.86 |
| 9/1/2007 | | $25,918.06 | $8,358,807.79 |
| 10/1/2007 | | $28,224.54 | $8,330,583.26 |
| 11/1/2007 | | $26,340.58 | $8,304,242.67 |
| 12/1/2007 | | $28,636.62 | $8,275,606.06 |
| 1/1/2008 | | $26,769.61 | $8,248,836.44 |
| 2/1/2008 | | $26,978.52 | $8,221,857.92 |
| 3/1/2008 | | $31,328.53 | $8,190,529.39 |
| 4/1/2008 | | $27,433.54 | $8,163,095.85 |
| 5/1/2008 | | $29,702.57 | $8,133,393.28 |
| 6/1/2008 | | $27,879.42 | $8,105,513.86 |
| 7/1/2008 | | $30,137.43 | $8,075,376.43 |
| 8/1/2008 | | $28,332.17 | $8,047,044.26 |
| 9/1/2008 | | $28,553.27 | $8,018,490.99 |
| 10/1/2008 | | $30,794.64 | $7,987,696.35 |
| 11/1/2008 | | $29,016.41 | $7,958,679.94 |
| 12/1/2008 | | $31,246.34 | $7,927,433.61 |
| 1/1/2009 | | $29,486.69 | $7,897,946.92 |
| 2/1/2009 | | $29,716.80 | $7,868,230.12 |
| 3/1/2009 | | $35,890.86 | $7,832,339.26 |
| 4/1/2009 | | $30,228.79 | $7,802,110.47 |
| 5/1/2009 | | $32,428.76 | $7,769,681.71 |
| 6/1/2009 | | $30,717.76 | $7,738,963.95 |
| 7/1/2009 | | $32,905.65 | $7,706,058.30 |
| 8/1/2009 | | $31,214.26 | $7,674,844.04 |
| 9/1/2009 | | $31,457.85 | $7,643,386.19 |
| 10/1/2009 | | $33,627.46 | $7,609,758.73 |
| 11/1/2009 | | $31,965.77 | $7,577,792.96 |
| 12/1/2009 | | $34,122.83 | $7,543,670.14 |
| 1/1/2010 | | $32,481.51 | $7,511,188.63 |

| Date | Payment | Balance |
|---|---|---|
| 2/1/2010 | $32,734.99 | $7,478,453.63 |
| 3/1/2010 | $38,638.24 | $7,439,815.40 |
| 4/1/2010 | $33,291.97 | $7,406,523.42 |
| 5/1/2010 | $35,416.27 | $7,371,107.15 |
| 6/1/2010 | $33,828.16 | $7,337,278.99 |
| 7/1/2010 | $35,939.21 | $7,301,339.79 |
| 8/1/2010 | $34,372.61 | $7,266,967.17 |
| 9/1/2010 | $34,640.85 | $7,232,326.32 |
| 10/1/2010 | $36,731.82 | $7,195,594.50 |
| 11/1/2010 | $35,197.83 | $7,160,396.67 |
| 12/1/2010 | $37,275.04 | $7,123,121.64 |
| 1/1/2011 | $35,763.40 | $7,087,358.24 |
| 2/1/2011 | $36,042.49 | $7,051,315.75 |
| 3/1/2011 | $41,648.97 | $7,009,666.79 |
| 4/1/2011 | $36,648.78 | $6,973,018.01 |
| 5/1/2011 | $38,690.14 | $6,934,327.87 |
| 6/1/2011 | $37,236.71 | $6,897,091.17 |
| 7/1/2011 | $39,263.54 | $6,857,827.62 |
| 8/1/2011 | $37,833.70 | $6,819,993.92 |
| 9/1/2011 | $38,128.95 | $6,781,864.97 |
| 10/1/2011 | $40,133.74 | $6,741,731.23 |
| 11/1/2011 | $38,739.70 | $6,702,991.54 |
| 12/1/2011 | $40,729.40 | $6,662,262.14 |
| 1/1/2012 | $39,359.86 | $6,622,902.28 |
| 2/1/2012 | $39,667.02 | $6,583,235.26 |
| 3/1/2012 | $43,291.05 | $6,539,944.21 |
| 4/1/2012 | $40,314.41 | $6,499,629.81 |
| 5/1/2012 | $42,265.20 | $6,457,364.60 |
| 6/1/2012 | $40,958.84 | $6,416,405.76 |
| 7/1/2012 | $42,893.72 | $6,373,512.04 |
| 8/1/2012 | $41,613.21 | $6,331,898.83 |
| 9/1/2012 | $41,937.95 | $6,289,960.87 |
| 10/1/2012 | $43,848.64 | $6,246,112.23 |
| 11/1/2012 | $42,607.42 | $6,203,504.81 |
| 12/1/2012 | $44,501.56 | $6,159,003.25 |
| 1/1/2013 | $43,287.20 | $6,115,716.05 |
| 2/1/2013 | $43,625.01 | $6,072,091.04 |
| 3/1/2013 | $48,551.14 | $6,023,539.90 |
| 4/1/2013 | $44,344.33 | $5,979,195.57 |
| 5/1/2013 | $46,195.57 | $5,933,000.00 |
| 5/1/2013 | $5,933,000.00 | $0.00 |
| | $8,725,000.00 | $8,725,000.00 |