UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, as attorney in fact for GE BUSINESS FINANCIAL SERVICES INC., | : : : : : |
| Plaintiff, | : : : |
| v. | : : : |
| WIJAYA BARU AVIATION SDN. BHD., WIJAYA BARU HOLDINGS SDN. BHD., KUALA DIMENSI SDN. BHD., DATO SERI TIONG KING SING, WIJAYA INTERNATIONAL MEDICAL CENTER SDN. BHD., WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, solely as OWNER TRUSTEE, and AIRFLYTE, INC. | : : : : : : : : : : |
| Defendants. | : : |

# EXHIBIT F

# PROTOCOL

**TO THE CONVENTION
ON INTERNATIONAL INTERESTS IN MOBILE EQUIPMENT ON
MATTERS SPECIFIC TO AIRCRAFT EQUIPMENT**

**Signed at Cape Town on 16 November 2001**

**COPY CERTIFIED AS BEING
IN CONFORMITY WITH THE ORIGINAL**

**THE SECRETARY GENERAL**

**JOSE ANGELO ESTRELLA FARIA**




**CAPE TOWN**

**16 NOVEMBER 2001**

# PROTOCOL

### TO THE CONVENTION
### ON INTERNATIONAL INTERESTS IN MOBILE EQUIPMENT ON
### MATTERS SPECIFIC TO AIRCRAFT EQUIPMENT

THE STATES PARTIES TO THIS PROTOCOL,

CONSIDERING it necessary to implement the *Convention on International Interests in Mobile Equipment* (hereinafter referred to as "the Convention") as it relates to aircraft equipment, in the light of the purposes set out in the preamble to the Convention,

MINDFUL of the need to adapt the Convention to meet the particular requirements of aircraft finance and to extend the sphere of application of the Convention to include contracts of sale of aircraft equipment,

MINDFUL of the principles and objectives of the *Convention on International Civil Aviation*, signed at Chicago on 7 December 1944,

HAVE AGREED upon the following provisions relating to aircraft equipment:

## Chapter I

## Sphere of application and general provisions

### Article I –– Defined terms

1.       In this Protocol, except where the context otherwise requires, terms used in it have the meanings set out in the Convention.

2.       In this Protocol the following terms are employed with the meanings set out below:

   (a)   "aircraft" means aircraft as defined for the purposes of the Chicago Convention which are either airframes with aircraft engines installed thereon or helicopters;

   (b)   "aircraft engines" means aircraft engines (other than those used in military, customs or police services) powered by jet propulsion or turbine or piston technology and:

   (i)   in the case of jet propulsion aircraft engines, have at least 1750 lb of thrust or its equivalent; and

   (ii)   in the case of turbine-powered or piston-powered aircraft engines, have at least 550 rated take-off shaft horsepower or its equivalent,

together with all modules and other installed, incorporated or attached accessories, parts and equipment and all data, manuals and records relating thereto;

(c)   "aircraft objects" means airframes, aircraft engines and helicopters;

(d)   "aircraft register" means a register maintained by a State or a common mark registering authority for the purposes of the Chicago Convention;

(e)   "airframes" means airframes (other than those used in military, customs or police services) that, when appropriate aircraft engines are installed thereon, are type certified by the competent aviation authority to transport:

(i)   at least eight (8) persons including crew; or

(ii)   goods in excess of 2750 kilograms,

together with all installed, incorporated or attached accessories, parts and equipment (other than aircraft engines), and all data, manuals and records relating thereto;

(f)   "authorised party" means the party referred to in Article XIII(3);

(g)   "Chicago Convention" means the *Convention on International Civil Aviation*, signed at Chicago on 7 December 1944, as amended, and its Annexes;

(h)   "common mark registering authority" means the authority maintaining a register in accordance with Article 77 of the Chicago Convention as implemented by the Resolution adopted on 14 December 1967 by the Council of the International Civil Aviation Organization on nationality and registration of aircraft operated by international operating agencies;

(i)   "de-registration of the aircraft" means deletion or removal of the registration of the aircraft from its aircraft register in accordance with the Chicago Convention;

(j)   "guarantee contract" means a contract entered into by a person as guarantor;

(k)   "guarantor" means a person who, for the purpose of assuring performance of any obligations in favour of a creditor secured by a security agreement or under an agreement, gives or issues a suretyship or demand guarantee or a standby letter of credit or any other form of credit insurance;

(l)   "helicopters" means heavier-than-air machines (other than those used in military, customs or police services) supported in flight chiefly by the reactions of the air on one or more power-driven rotors on substantially vertical axes and which are type certified by the competent aviation authority to transport:
(i)   at least five (5) persons including crew; or

(ii)   goods in excess of 450 kilograms,

together with all installed, incorporated or attached accessories, parts and equipment (including rotors), and all data, manuals and records relating thereto;

(m)   "insolvency-related event" means:

(i)   the commencement of the insolvency proceedings; or

(ii)   the declared intention to suspend or actual suspension of payments by the debtor where the creditor's right to institute insolvency proceedings against the debtor or to exercise remedies under the Convention is prevented or suspended by law or State action;

(n)   "primary insolvency jurisdiction" means the Contracting State in which the centre of the debtor's main interests is situated, which for this purpose shall be deemed to be the place of the debtor's statutory seat or, if there is none, the place where the debtor is incorporated or formed, unless proved otherwise;

(o)   "registry authority" means the national authority or the common mark registering authority, maintaining an aircraft register in a Contracting State and responsible for the registration and de-registration of an aircraft in accordance with the Chicago Convention; and

(p)   "State of registry" means, in respect of an aircraft, the State on the national register of which an aircraft is entered or the State of location of the common mark registering authority maintaining the aircraft register.

### Article II — Application of Convention as regards aircraft objects

1.   The Convention shall apply in relation to aircraft objects as provided by the terms of this Protocol.

2.   The Convention and this Protocol shall be known as the Convention on International Interests in Mobile Equipment as applied to aircraft objects.

### Article III — Application of Convention to sales

The following provisions of the Convention apply as if references to an agreement creating or providing for an international interest were references to a contract of sale and as if references to an international interest, a prospective international interest, the debtor and the creditor were references to a sale, a prospective sale, the seller and the buyer respectively:

Articles 3 and 4;
Article 16(1)(a);
Article 19(4);
Article 20(1) (as regards registration of a contract of sale or a prospective sale);
Article 25(2) (as regards a prospective sale); and
Article 30.

In addition, the general provisions of Article 1, Article 5, Chapters IV to VII, Article 29 (other than Article 29(3) which is replaced by Article XIV(1) and (2)), Chapter X, Chapter XII (other than Article 43), Chapter XIII and Chapter XIV (other than Article 60) shall apply to contracts of sale and prospective sales.

### Article IV — Sphere of application

1.      Without prejudice to Article 3(1) of the Convention, the Convention shall also apply in relation to a helicopter, or to an airframe pertaining to an aircraft, registered in an aircraft register of a Contracting State which is the State of registry, and where such registration is made pursuant to an agreement for registration of the aircraft it is deemed to have been effected at the time of the agreement.

2.      For the purposes of the definition of "internal transaction" in Article 1 of the Convention:

(a)     an airframe is located in the State of registry of the aircraft of which it is a part;

(b)     an aircraft engine is located in the State of registry of the aircraft on which it is installed or, if it is not installed on an aircraft, where it is physically located; and

(c)     a helicopter is located in its State of registry,

at the time of the conclusion of the agreement creating or providing for the interest.

3.      The parties may, by agreement in writing, exclude the application of Article XI and, in their relations with each other, derogate from or vary the effect of any of the provisions of this Protocol except Article IX (2)-(4).

### Article V — Formalities, effects and registration of contracts of sale

1.      For the purposes of this Protocol, a contract of sale is one which:

(a)     is in writing;

(b)     relates to an aircraft object of which the seller has power to dispose; and

(c)     enables the aircraft object to be identified in conformity with this Protocol.

2.      A contract of sale transfers the interest of the seller in the aircraft object to the buyer according to its terms.

3.      Registration of a contract of sale remains effective indefinitely. Registration of a prospective sale remains effective unless discharged or until expiry of the period, if any, specified in the registration.

### Article VI — Representative capacities

A person may enter into an agreement or a sale, and register an international interest in, or a sale of, an aircraft object, in an agency, trust or other representative capacity. In such case, that person is entitled to assert rights and interests under the Convention.

### Article VII — Description of aircraft objects

A description of an aircraft object that contains its manufacturer's serial number, the name of the manufacturer and its model designation is necessary and sufficient to identify the object for the purposes of Article 7(c) of the Convention and Article V(1)(c) of this Protocol.

### Article VIII — Choice of law

1.      This Article applies only where a Contracting State has made a declaration pursuant to Article XXX(1).

2.      The parties to an agreement, or a contract of sale, or a related guarantee contract or subordination agreement may agree on the law which is to govern their contractual rights and obligations, wholly or in part.

3.      Unless otherwise agreed, the reference in the preceding paragraph to the law chosen by the parties is to the domestic rules of law of the designated State or, where that State comprises several territorial units, to the domestic law of the designated territorial unit.

## Chapter II

## Default remedies, priorities and assignments

### Article IX — Modification of default remedies provisions

1.      In addition to the remedies specified in Chapter III of the Convention, the creditor may, to the extent that the debtor has at any time so agreed and in the circumstances specified in that Chapter:
    (a)    procure the de-registration of the aircraft; and

    (b)    procure the export and physical transfer of the aircraft object from the territory in which it is situated.

2.      The creditor shall not exercise the remedies specified in the preceding paragraph without the prior consent in writing of the holder of any registered interest ranking in priority to that of the creditor.

3.      Article 8(3) of the Convention shall not apply to aircraft objects. Any remedy given by the Convention in relation to an aircraft object shall be exercised in a commercially reasonable manner. A remedy shall be deemed to be exercised in a commercially reasonable manner where it is exercised in

conformity with a provision of the agreement except where such a provision is manifestly unreasonable.

4.      A chargee giving ten or more working days' prior written notice of a proposed sale or lease to interested persons shall be deemed to satisfy the requirement of providing "reasonable prior notice" specified in Article 8(4) of the Convention. The foregoing shall not prevent a chargee and a chargor or a guarantor from agreeing to a longer period of prior notice.

5.      The registry authority in a Contracting State shall, subject to any applicable safety laws and regulations, honour a request for de-registration and export if:

(a)     the request is properly submitted by the authorised party under a recorded irrevocable deregistration and export request authorisation; and

(b)     the authorised party certifies to the registry authority, if required by that authority, that all registered interests ranking in priority to that of the creditor in whose favour the authorisation has been issued have been discharged or that the holders of such interests have consented to the de-registration and export.

6.      A chargee proposing to procure the de-registration and export of an aircraft under paragraph 1 otherwise than pursuant to a court order shall give reasonable prior notice in writing of the proposed deregistration and export to:

(a)     interested persons specified in Article 1(m)(i) and (ii) of the Convention; and

(b)     interested persons specified in Article 1(m)(iii) of the Convention who have given notice of their rights to the chargee within a reasonable time prior to the de-registration and export.

### Article X — Modification of provisions regarding relief pending final determination

1.      This Article applies only where a Contracting State has made a declaration under Article XXX(2) and to the extent stated in such declaration.

2.      For the purposes of Article 13(1) of the Convention, "speedy" in the context of obtaining relief means within such number of working days from the date of filing of the application for relief as is specified in a declaration made by the Contracting State in which the application is made.

3.      Article 13(1) of the Convention applies with the following being added immediately after sub-paragraph (d):

"(e)    if at any time the debtor and the creditor specifically agree, sale and application of proceeds therefrom",

and Article 43(2) applies with the insertion after the words "Article 13(1)(d)" of the words "and (e)".

4.      Ownership or any other interest of the debtor passing on a sale under the preceding paragraph is free from any other interest over which the creditor's international interest has priority under the provisions of Article 29 of the Convention.

5.      The creditor and the debtor or any other interested person may agree in writing to exclude the application of Article 13(2) of the Convention.

6.      With regard to the remedies in Article IX(1):

   (a)   they shall be made available by the registry authority and other administrative authorities, as applicable, in a Contracting State no later than five working days after the creditor notifies such authorities that the relief specified in Article IX(1) is granted or, in the case of relief granted by a foreign court, recognised by a court of that Contracting State, and that the creditor is entitled to procure those remedies in accordance with the Convention; and

   (b)   the applicable authorities shall expeditiously co-operate with and assist the creditor in the exercise of such remedies in conformity with the applicable aviation safety laws and regulations.

7.      Paragraphs 2 and 6 shall not affect any applicable aviation safety laws and regulations.

### Article XI — Remedies on insolvency

1.      This Article applies only where a Contracting State that is the primary insolvency jurisdiction has made a declaration pursuant to Article XXX(3).

*Alternative A*

2.      Upon the occurrence of an insolvency-related event, the insolvency administrator or the debtor, as applicable, shall, subject to paragraph 7, give possession of the aircraft object to the creditor no later than the earlier of:

   (a)   the end of the waiting period; and

   (b)   the date on which the creditor would be entitled to possession of the aircraft object if this Article did not apply.

3.      For the purposes of this Article, the "waiting period" shall be the period specified in a declaration of the Contracting State which is the primary insolvency jurisdiction.

4.      References in this Article to the "insolvency administrator" shall be to that person in its official, not in its personal, capacity.

5.      Unless and until the creditor is given the opportunity to take possession under paragraph 2:

   (a)   the insolvency administrator or the debtor, as applicable, shall preserve the aircraft object and maintain it and its value in accordance with the agreement; and

(b)    the creditor shall be entitled to apply for any other forms of interim relief available under the applicable law.

6.    Sub-paragraph (a) of the preceding paragraph shall not preclude the use of the aircraft object under arrangements designed to preserve the aircraft object and maintain it and its value.

7.    The insolvency administrator or the debtor, as applicable, may retain possession of the aircraft object where, by the time specified in paragraph 2, it has cured all defaults other than a default constituted by the opening of insolvency proceedings and has agreed to perform all future obligations under the agreement. A second waiting period shall not apply in respect of a default in the performance of such future obligations.

8.    With regard to the remedies in Article IX(1):

(a)    they shall be made available by the registry authority and the administrative authorities in a Contracting State, as applicable, no later than five working days after the date on which the creditor notifies such authorities that it is entitled to procure those remedies in accordance with the Convention; and

(b)    the applicable authorities shall expeditiously co-operate with and assist the creditor in the exercise of such remedies in conformity with the applicable aviation safety laws and regulations.

9.    No exercise of remedies permitted by the Convention or this Protocol may be prevented or delayed after the date specified in paragraph 2.

10.    No obligations of the debtor under the agreement may be modified without the consent of the creditor.

11.    Nothing in the preceding paragraph shall be construed to affect the authority, if any, of the insolvency administrator under the applicable law to terminate the agreement.

12.    No rights or interests, except for non-consensual rights or interests of a category covered by a declaration pursuant to Article 39(1), shall have priority in insolvency proceedings over registered interests.

13.    The Convention as modified by Article IX of this Protocol shall apply to the exercise of any remedies under this Article.

*Alternative B*

2.    Upon the occurrence of an insolvency-related event, the insolvency administrator or the debtor, as applicable, upon the request of the creditor, shall give notice to the creditor within the time specified in a declaration of a Contracting State pursuant to Article XXX(3) whether it will:

(a)    cure all defaults other than a default constituted by the opening of insolvency proceedings and agree to perform all future obligations, under the agreement and related transaction documents; or

(b)    give the creditor the opportunity to take possession of the aircraft object, in accordance with the applicable law.

3.     The applicable law referred to in sub-paragraph (b) of the preceding paragraph may permit the court to require the taking of any additional step or the provision of any additional guarantee.

4.     The creditor shall provide evidence of its claims and proof that its international interest has been registered.

5.     If the insolvency administrator or the debtor, as applicable, does not give notice in conformity with paragraph 2, or when the insolvency administrator or the debtor has declared that it will give the creditor the opportunity to take possession of the aircraft object but fails to do so, the court may permit the creditor to take possession of the aircraft object upon such terms as the court may order and may require the taking of any additional step or the provision of any additional guarantee.

6.     The aircraft object shall not be sold pending a decision by a court regarding the claim and the international interest.

### Article XII — Insolvency assistance

1.     This Article applies only where a Contracting State has made a declaration pursuant to Article XXX(1).

2.     The courts of a Contracting State in which an aircraft object is situated shall, in accordance with the law of the Contracting State, co-operate to the maximum extent possible with foreign courts and foreign insolvency administrators in carrying out the provisions of Article XI.

### Article XIII — De-registration and export request authorisation

1.     This Article applies only where a Contracting State has made a declaration pursuant to Article XXX(1).

2.     Where the debtor has issued an irrevocable de-registration and export request authorisation substantially in the form annexed to this Protocol and has submitted such authorisation for recordation to the registry authority, that authorisation shall be so recorded.

3.     The person in whose favour the authorisation has been issued (the "authorised party") or its certified designee shall be the sole person entitled to exercise the remedies specified in Article IX(1) and may do so only in accordance with the authorisation and applicable aviation safety laws and regulations. Such authorisation may not be revoked by the debtor without the consent in writing of the authorised party. The registry authority shall remove an authorisation from the registry at the request of the authorised party.

4.     The registry authority and other administrative authorities in Contracting States shall expeditiously co-operate with and assist the authorised party in the exercise of the remedies specified in Article IX.

### Article XIV — Modification of priority provisions

1.      A buyer of an aircraft object under a registered sale acquires its interest in that object free from an interest subsequently registered and from an unregistered interest, even if the buyer has actual knowledge of the unregistered interest.

2.      A buyer of an aircraft object acquires its interest in that object subject to an interest registered at the time of its acquisition.

3.      Ownership of or another right or interest in an aircraft engine shall not be affected by its installation on or removal from an aircraft.

4.      Article 29(7) of the Convention applies to an item, other than an object, installed on an airframe, aircraft engine or helicopter.

### Article XV — Modification of assignment provisions

Article 33(1) of the Convention applies as if the following were added immediately after sub-paragraph (b):

> "and (c)      the debtor has consented in writing, whether or not the consent is given in advance of the assignment or identifies the assignee."

### Article XVI — Debtor provisions

1.     In the absence of a default within the meaning of Article 11 of the Convention, the debtor shall be entitled to the quiet possession and use of the object in accordance with the agreement as against:

    (a)    its creditor and the holder of any interest from which the debtor takes free pursuant to Article 29(4) of the Convention or, in the capacity of buyer, Article XIV(1) of this Protocol, unless and to the extent that the debtor has otherwise agreed; and

    (b)    the holder of any interest to which the debtor's right or interest is subject pursuant to Article 29(4) of the Convention or, in the capacity of buyer, Article XIV(2) of this Protocol, but only to the extent, if any, that such holder has agreed.

2.     Nothing in the Convention or this Protocol affects the liability of a creditor for any breach of the agreement under the applicable law in so far as that agreement relates to an aircraft object.

## Chapter III

## Registry provisions relating to
## international interests in aircraft objects

### Article XVII — The Supervisory Authority and the Registrar

1.     The Supervisory Authority shall be the international entity designated by a Resolution adopted by the Diplomatic Conference to Adopt a Mobile Equipment Convention and an Aircraft Protocol.

2.     Where the international entity referred to in the preceding paragraph is not able and willing to act as Supervisory Authority, a Conference of Signatory and Contracting States shall be convened to designate another Supervisory Authority.

3.     The Supervisory Authority and its officers and employees shall enjoy such immunity from legal and administrative process as is provided under the rules applicable to them as an international entity or otherwise.

4.     The Supervisory Authority may establish a commission of experts, from among persons nominated by Signatory and Contracting States and having the necessary qualifications and experience, and entrust it with the task of assisting the Supervisory Authority in the discharge of its functions.

5.     The first Registrar shall operate the International Registry for a period of five years from the date of entry into force of this Protocol. Thereafter, the Registrar shall be appointed or reappointed at regular five-yearly intervals by the Supervisory Authority.

### Article XVIII — First regulations

The first regulations shall be made by the Supervisory Authority so as to take effect upon the entry into force of this Protocol.

### Article XIX — Designated entry points

1.      Subject to paragraph 2, a Contracting State may at any time designate an entity or entities in its territory as the entry point or entry points through which there shall or may be transmitted to the International Registry information required for registration other than registration of a notice of a national interest or a right or interest under Article 40 in either case arising under the laws of another State.

2.      A designation made under the preceding paragraph may permit, but not compel, use of a designated entry point or entry points for information required for registrations in respect of aircraft engines.

### Article XX — Additional modifications to Registry provisions

1.      For the purposes of Article 19(6) of the Convention, the search criteria for an aircraft object shall be the name of its manufacturer, its manufacturer's serial number and its model designation, supplemented as necessary to ensure uniqueness. Such supplementary information shall be specified in the regulations.

2.      For the purposes of Article 25(2) of the Convention and in the circumstances there described, the holder of a registered prospective international interest or a registered prospective assignment of an international interest or the person in whose favour a prospective sale has been registered shall take such steps as are within its power to procure the discharge of the registration no later than five working days after the receipt of the demand described in such paragraph.

3.      The fees referred to in Article 17(2)(h) of the Convention shall be determined so as to recover the reasonable costs of establishing, operating and regulating the International Registry and the reasonable costs of the Supervisory Authority associated with the performance of the functions, exercise of the powers, and discharge of the duties contemplated by Article 17(2) of the Convention.

4.      The centralised functions of the International Registry shall be operated and administered by the Registrar on a twenty-four hour basis. The various entry points shall be operated at least during working hours in their respective territories.

5.      The amount of the insurance or financial guarantee referred to in Article 28(4) of the Convention shall, in respect of each event, not be less than the maximum value of an aircraft object as determined by the Supervisory Authority.

6.      Nothing in the Convention shall preclude the Registrar from procuring insurance or a financial guarantee covering events for which the Registrar is not liable under Article 28 of the Convention.

## Chapter IV

Jurisdiction

**Article XXI — Modification of jurisdiction provisions**

For the purposes of Article 43 of the Convention and subject to Article 42 of the Convention, a court of a Contracting State also has jurisdiction where the object is a helicopter, or an airframe pertaining to an aircraft, for which that State is the State of registry.

**Article XXII — Waivers of sovereign immunity**

1.      Subject to paragraph 2, a waiver of sovereign immunity from jurisdiction of the courts specified in Article 42 or Article 43 of the Convention or relating to enforcement of rights and interests relating to an aircraft object under the Convention shall be binding and, if the other conditions to such jurisdiction or enforcement have been satisfied, shall be effective to confer jurisdiction and permit enforcement, as the case may be.

2.      A waiver under the preceding paragraph must be in writing and contain a description of the aircraft object.

# Chapter V

## Relationship with other conventions

**Article XXIII — Relationship with the *Convention on the International Recognition of Rights in Aircraft***

The Convention shall, for a Contracting State that is a party to the *Convention on the International Recognition of Rights in Aircraft*, signed at Geneva on 19 June 1948, supersede that Convention as it relates to aircraft, as defined in this Protocol, and to aircraft objects. However, with respect to rights or interests not covered or affected by the present Convention, the Geneva Convention shall not be superseded.

**Article XXIV — Relationship with the *Convention for the Unification of Certain Rules Relating to the Precautionary Attachment of Aircraft***

1.      The Convention shall, for a Contracting State that is a Party to the *Convention for the Unification of Certain Rules Relating to the Precautionary Attachment of Aircraft*, signed at Rome on 29 May 1933, supersede that Convention as it relates to aircraft, as defined in this Protocol.

2.      A Contracting State Party to the above Convention may declare, at the time of ratification, acceptance, approval of, or accession to this Protocol, that it will not apply this Article.

**Article XXV — Relationship with the *UNIDROIT Convention on International Financial Leasing***

The Convention shall supersede the *UNIDROIT Convention on International Financial Leasing*, signed at Ottawa on 28 May 1988, as it relates to aircraft objects.

# Chapter VI

## Final provisions

**Article XXVI — Signature, ratification, acceptance, approval or accession**

1.     This Protocol shall be open for signature in Cape Town on 16 November 2001 by States participating in the Diplomatic Conference to Adopt a Mobile Equipment Convention and an Aircraft Protocol held at Cape Town from 29 October to 16 November 2001. After 16 November 2001, this Protocol shall be open to all States for signature at the Headquarters of the International Institute for the Unification of Private Law (UNIDROIT) in Rome until it enters into force in accordance with Article XXVIII.

2.     This Protocol shall be subject to ratification, acceptance or approval by States which have signed it.

3.     Any State which does not sign this Protocol may accede to it at any time.

4.     Ratification, acceptance, approval or accession is effected by the deposit of a formal instrument to that effect with the Depositary.

5.     A State may not become a Party to this Protocol unless it is or becomes also a Party to the Convention.

**Article XXVII — Regional Economic Integration Organisations**

1.     A Regional Economic Integration Organisation which is constituted by sovereign States and has competence over certain matters governed by this Protocol may similarly sign, accept, approve or accede to this Protocol. The Regional Economic Integration Organisation shall in that case have the rights and obligations of a Contracting State, to the extent that that Organisation has competence over matters governed by this Protocol. Where the number of Contracting States is relevant in this Protocol, the Regional Economic Integration Organisation shall not count as a Contracting State in addition to its Member States which are Contracting States.

2.     The Regional Economic Integration Organisation shall, at the time of signature, acceptance, approval or accession, make a declaration to the Depositary specifying the matters governed by this Protocol in respect of which competence has been transferred to that Organisation by its Member

States. The Regional Economic Integration Organisation shall promptly notify the Depositary of any changes to the distribution of competence, including new transfers of competence, specified in the declaration under this paragraph.

3.      Any reference to a "Contracting State" or "Contracting States" or "State Party" or "States Parties" in this Protocol applies equally to a Regional Economic Integration Organisation where the context so requires.

### Article XXVIII — Entry into force

1.      This Protocol enters into force on the first day of the month following the expiration of three months after the date of the deposit of the eighth instrument of ratification, acceptance, approval or accession, between the States which have deposited such instruments.

2.      For other States this Protocol enters into force on the first day of the month following the expiration of three months after the date of the deposit of its instrument of ratification, acceptance, approval or accession.

### Article XXIX — Territorial units

1.      If a Contracting State has territorial units in which different systems of law are applicable in relation to the matters dealt with in this Protocol, it may, at the time of ratification, acceptance, approval or accession, declare that this Protocol is to extend to all its territorial units or only to one or more of them and may modify its declaration by submitting another declaration at any time.

2.      Any such declaration shall state expressly the territorial units to which this Protocol applies.

3.      If a Contracting State has not made any declaration under paragraph 1, this Protocol shall apply to all territorial units of that State.

4.      Where a Contracting State extends this Protocol to one or more of its territorial units, declarations permitted under this Protocol may be made in respect of each such territorial unit, and the declarations made in respect of one territorial unit may be different from those made in respect of another territorial unit.

5.      If by virtue of a declaration under paragraph 1, this Protocol extends to one or more territorial units of a Contracting State:

     (a)    the debtor is considered to be situated in a Contracting State only if it is incorporated or formed under a law in force in a territorial unit to which the Convention and this Protocol apply or if it has its registered office or statutory seat, centre of administration, place of business or habitual residence in a territorial unit to which the Convention and this Protocol apply;

     (b)    any reference to the location of the object in a Contracting State refers to the location of the object in a territorial unit to which the Convention and this Protocol apply; and

(c)     any reference to the administrative authorities in that Contracting State shall be construed as referring to the administrative authorities having jurisdiction in a territorial unit to which the Convention and this Protocol apply and any reference to the national register or to the registry authority in that Contracting State shall be construed as referring to the aircraft register in force or to the registry authority having jurisdiction in the territorial unit or units to which the Convention and this Protocol apply.

## Article XXX — Declarations relating to certain provisions

1.      A Contracting State may, at the time of ratification, acceptance, approval of, or accession to this Protocol, declare that it will apply any one or more of Articles VIII, XII and XIII of this Protocol.

2.      A Contracting State may, at the time of ratification, acceptance, approval of, or accession to this Protocol, declare that it will apply Article X of this Protocol, wholly or in part. If it so declares with respect to Article X(2), it shall specify the time-period required thereby.

3.      A Contracting State may, at the time of ratification, acceptance, approval of, or accession to this Protocol, declare that it will apply the entirety of Alternative A, or the entirety of Alternative B of Article XI and, if so, shall specify the types of insolvency proceeding, if any, to which it will apply Alternative A and the types of insolvency proceeding, if any, to which it will apply Alternative B. A Contracting State making a declaration pursuant to this paragraph shall specify the time-period required by Article XI.

4.      The courts of Contracting States shall apply Article XI in conformity with the declaration made by the Contracting State which is the primary insolvency jurisdiction.

5.      A Contracting State may, at the time of ratification, acceptance, approval of, or accession to this Protocol, declare that it will not apply the provisions of Article XXI, wholly or in part. The declaration shall specify under which conditions the relevant Article will be applied, in case it will be applied partly, or otherwise which other forms of interim relief will be applied.

## Article XXXI — Declarations under the Convention

Declarations made under the Convention, including those made under Articles 39, 40, 50, 53, 54, 55, 57, 58 and 60 of the Convention, shall be deemed to have also been made under this Protocol unless stated otherwise.

## Article XXXII — Reservations and declarations

1.      No reservations may be made to this Protocol but declarations authorised by Articles XXIV, XXIX, XXX, XXXI, XXXIII and XXXIV may be made in accordance with these provisions.

2.      Any declaration or subsequent declaration or any withdrawal of a declaration made under this Protocol shall be notified in writing to the Depositary.

### Article XXXIII — Subsequent declarations

1.      A State Party may make a subsequent declaration, other than a declaration made in accordance with Article XXXI under Article 60 of the Convention, at any time after the date on which this Protocol has entered into force for it, by notifying the Depositary to that effect.

2.      Any such subsequent declaration shall take effect on the first day of the month following the expiration of six months after the date of receipt of the notification by the Depositary. Where a longer period for that declaration to take effect is specified in the notification, it shall take effect upon the expiration of such longer period after receipt of the notification by the Depositary.

3.      Notwithstanding the previous paragraphs, this Protocol shall continue to apply, as if no such subsequent declarations had been made, in respect of all rights and interests arising prior to the effective date of any such subsequent declaration.

### Article XXXIV — Withdrawal of declarations

1.      Any State Party having made a declaration under this Protocol, other than a declaration made in accordance with Article XXXI under Article 60 of the Convention, may withdraw it at any time by notifying the Depositary. Such withdrawal is to take effect on the first day of the month following the expiration of six months after the date of receipt of the notification by the Depositary.

2.      Notwithstanding the previous paragraph, this Protocol shall continue to apply, as if no such withdrawal of declaration had been made, in respect of all rights and interests arising prior to the effective date of any such withdrawal.

### Article XXXV — Denunciations

1.      Any State Party may denounce this Protocol by notification in writing to the Depositary.

2.      Any such denunciation shall take effect on the first day of the month following the expiration of twelve months after the date of receipt of the notification by the Depositary.

3.      Notwithstanding the previous paragraphs, this Protocol shall continue to apply, as if no such denunciation had been made, in respect of all rights and interests arising prior to the effective date of any such denunciation.

### Article XXXVI — Review Conferences, amendments and related matters

1.      The Depositary, in consultation with the Supervisory Authority, shall prepare reports yearly, or at such other time as the circumstances may require, for the States Parties as to the manner in which the international regime established in the Convention as amended by this Protocol has operated in practice. In preparing such reports, the Depositary shall take into account the reports of the Supervisory Authority concerning the functioning of the international registration system.

2.      At the request of not less than twenty-five per cent of the States Parties, Review Conferences of the States Parties shall be convened from time to time by the Depositary, in consultation with the Supervisory Authority, to consider:

    (a)    the practical operation of the Convention as amended by this Protocol and its effectiveness in facilitating the asset-based financing and leasing of the objects covered by its terms;

    (b)    the judicial interpretation given to, and the application made of the terms of this Protocol and the regulations;

    (c)    the functioning of the international registration system, the performance of the Registrar and its oversight by the Supervisory Authority, taking into account the reports of the Supervisory Authority; and

    (d)    whether any modifications to this Protocol or the arrangements relating to the International Registry are desirable.

3.      Any amendment to this Protocol shall be approved by at least a two-thirds majority of States Parties participating in the Conference referred to in the preceding paragraph and shall then enter into force in respect of States which have ratified, accepted or approved such amendment when it has been ratified, accepted or approved by eight States in accordance with the provisions of Article XXVIII relating to its entry into force.

## Article XXXVII — Depositary and its functions

1.      Instruments of ratification, acceptance, approval or accession shall be deposited with the International Institute for the Unification of Private Law (UNIDROIT), which is hereby designated the Depositary.

2.      The Depositary shall:

(a)     inform all Contracting States of:

(i)     each new signature or deposit of an instrument of ratification, acceptance, approval or accession, together with the date thereof;

(ii)     the date of entry into force of this Protocol;

(iii)     each declaration made in accordance with this Protocol, together with the date thereof;

(iv)     the withdrawal or amendment of any declaration, together with the date thereof; and

(v)     the notification of any denunciation of this Protocol together with the date thereof and the date on which it takes effect;

(b)     transmit certified true copies of this Protocol to all Contracting States;

(c)     provide the Supervisory Authority and the Registrar with a copy of each instrument of ratification, acceptance, approval or accession, together with the date of deposit thereof, of each declaration or withdrawal or amendment of a declaration and of each notification of denunciation, together with the date of notification thereof, so that the information contained therein is easily and fully available; and

(d)     perform such other functions customary for depositaries.

IN WITNESS WHEREOF the undersigned Plenipotentiaries, having been duly authorised, have signed this Protocol.

DONE at Cape Town, this sixteenth day of November, two thousand and one, in a single original in the English, Arabic, Chinese, French, Russian and Spanish languages, all texts being equally authentic, such authenticity to take effect upon verification by the Joint Secretariat of the Conference under the authority of the President of the Conference within ninety days hereof as to the conformity of the texts with one another.

**Annex**

## FORM OF IRREVOCABLE DE-REGISTRATION
## AND EXPORT REQUEST AUTHORISATION

Annex referred to in Article XIII

[Insert Date]

To:    [Insert Name of Registry Authority]

Re:    Irrevocable De-Registration and Export Request Authorisation

The undersigned is the registered [operator] [owner]* of the [insert the airframe/helicopter manufacturer name and model number] bearing manufacturers serial number [insert manufacturer's serial number] and registration [number] [mark] [insert registration number/mark] (together with all installed, incorporated or attached accessories, parts and equipment, the "aircraft").

This instrument is an irrevocable de-registration and export request authorisation issued by the undersigned in favour of [insert name of creditor] ("the authorised party") under the authority of Article XIII of the Protocol to the Convention on International Interests in Mobile Equipment on Matters specific to Aircraft Equipment. In accordance with that Article, the undersigned hereby requests:

    (i)    recognition that the authorised party or the person it certifies as its designee is the sole person entitled to:

        (a)    procure the de-registration of the aircraft from the [insert name of aircraft register] maintained by the [insert name of registry authority] for the purposes of Chapter III of the *Convention on International Civil Aviation*, signed at Chicago, on 7 December 1944, and

        (b)    procure the export and physical transfer of the aircraft from [insert name of country]; and

    (ii)    confirmation that the authorised party or the person it certifies as its designee may take the action specified in clause (i) above on written demand without the consent of the undersigned and that, upon such demand, the authorities in [insert name of country] shall co-operate with the authorised party with a view to the speedy completion of such action.

The rights in favour of the authorised party established by this instrument may not be revoked by the undersigned without the written consent of the authorised party.

Please acknowledge your agreement to this request and its terms by appropriate notation in the space provided below and lodging this instrument in [insert name of registry authority].

---

\*    Select the term that reflects the relevant nationality registration criterion.

[insert name of operator/owner]
_____

Agreed to and lodged this                          By: [insert name of signatory]
[insert date]                                      Its: [insert title of signatory]

_____
[insert relevant notational details]