UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, as attorney in fact for GE BUSINESS FINANCIAL SERVICES INC., | : : : : |
| Plaintiff, | : : |
| v. | : : : |
| WIJAYA BARU AVIATION SDN. BHD., WIJAYA BARU HOLDINGS SDN. BHD., KUALA DIMENSI SDN. BHD., DATO SERI TIONG KING SING, WIJAYA INTERNATIONAL MEDICAL CENTER SDN. BHD., WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, solely as OWNER TRUSTEE, and AIRFLYTE, INC. | : : : : : : : : : : : |
| Defendants. | : : |

# **<u>EXHIBIT G</u>**

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GENERAL ELECTRIC CAPITAL
CORPORATION, as attorney in fact for GE
BUSINESS FINANCIAL SERVICES INC.,

             Plaintiff,

    v.

WIJAYA BARU AVIATION SDN. BHD.,
WIJAYA BARU HOLDINGS SDN. BHD.,
KUALA DIMENSI SDN. BHD., DATO SERI
TIONG KING SING, WIJAYA
INTERNATIONAL MEDICAL CENTER
SDN. BHD., WELLS FARGO BANK
NORTHWEST, NATIONAL ASSOCIATION,
solely as OWNER TRUSTEE, and AIRFLYTE,
INC.

             Defendants.

## ORDER OF POSSESSION AND IN AID OF
## POSSESSION OF AIRCRAFT AND OTHER RELIEF

      This matter coming on to be heard on Plaintiff General Electric Capital Corporation, as

attorney in fact for GE Business Financial Services Inc.'s, formerly known as Merrill Lynch

Business Financial Services Inc. ("GE Capital") Request for Relief contained in its Verified

Complaint and GE Capital's Motion for Order of Possession and in Aid of Possession of Aircraft

and Other Relief (the "Motion") and it appearing to the Court that: (i) the subject matter of this

litigation, **one (1) Learjet Inc. Model 60 aircraft, with (a) airframe bearing FAA**

**Registration Mark N729LJ and a manufacturer's serial number 298, (b) two (2) Pratt &**

**Whitney Canada PW 305A aircraft engines bearing manufacturer's serial numbers PCE-**

**CA0455 and PCE-CA0454, (c) one (1) Jemini model T-20G-10C3A auxiliary power unit**

1

**bearing manufacturer's serial number SP-E050418, and (d) standard avionics and equipment, all other accessories, additions, modifications and attachments, replacements and substitutions of the foregoing** as described in the Loan and Aircraft Security Agreement annexed to the Verified Complaint (the "Aircraft") is subject, inter alia, to the Cape Town Convention on International Interests in Mobile Equipment (the "Convention") and the Protocol thereto on Matters Specific to Aircraft Equipment (the "Protocol") concluded in Cape Town in November 2001 (the Convention and the Protocol, each, in the official English language text thereof are collectively referred to herein as the "Cape Town Convention"); (ii) the Cape Town Convention specifies the method and manner in which all transactions relating to aircraft must be done and performed; (iii) absent ministerial compliance by defendant(s) with the requirements of the Cape Town Convention, Plaintiff's relief with respect to the Aircraft will not be fully effective; (iv) GE Capital is entitled to the relief it seeks in its Verified Complaint and in its Motion sought under the Cape Town Convention, its Security Agreement, and Massachusetts law and due notice having been given; and the Court being otherwise fully advised in the premises; it is:

ORDERED that:

1.     GE Capital and/or its agent Canal Air  is permitted to take possession, operational control and custody of the Aircraft;

2.     GE Capital and/or its agent Canal Air is permitted to procure the export and physical transfer of the Aircraft from its present location in Westfield, Massachusetts to a facility under the custody and control of GE Capital, its officers, agents, servants, employees, and/or attorneys;

2

3.      Defendants, their officers, agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with the Defendants, any of them or the aforementioned persons, are enjoined from obstructing, impeding, interfering or hindering the efforts of GE Capital and/or its agents to take possession of the Aircraft and procure the export and physical transfer of the Aircraft from its current location in Westfield, Massachusetts;

4.      Defendants are hereby enjoined and restrained from moving, alienating, transferring, pledging, encumbering or hypothecating the Aircraft until further order of this Court;

5.      Defendants shall register, or cause their agent to register, as a "transacting user entity" with the International Registry established under the Cape Town Convention, if not already so registered;

6.      Defendant Wells Fargo Bank Northwest, National Association, as Owner Trustee shall execute and file with the Federal Aviation Administration a bill of sale transferring all of its right, title an interests in the Aircraft to GE Capital or its designee in the form attached hereto;

7.      Defendant Wells Fargo Bank Northwest, National Association, as Owner Trustee shall appoint Daugherty, Fowler, Peregrin, Haught and Jenson ("DFPHJ") as its "professional user entity" for purposes of registering a Contract of Sale (as such term is defined in the Capt Town Convention) in favor of GE Capital or its designee with respect to the Aircraft and instruct and authorize DFPHJ to consent to the registration of said Contract of Sale;

8.      Any lease or sublease recorded against the Aircraft is hereby terminated; and

9.      Any International Interests (as such term is defined in the Cape Town Convention) in favor of Defendants or any entity obtaining rights through Defendants are hereby discharged.

3

Dated: May _____, 2013

Entered: _____
           District Judge